UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

JILL E. MAREMONT,

              Plaintiff,

– against –

SUSAN FREDMAN DESIGN GROUP, LTD. AND SUSAN FREDMAN,

              Defendants.

Case #: 10-cv-7811(AJS)(GSB)

Honorable Amy J. St. Eve

## PLAINTIFF'S MOTION TO REINSTATE AND FOR LEAVE TO AMEND TO FILE SECOND AMENDED COMPLAINT.

NOW COMES Plaintiff, Jill E. Maremont (the "Plaintiff"), by and through her attorney, Randall S. Newman. P.C., and hereby moves this Court to reinstate this matter and grant the Plaintiff leave to file a Second Amended Complaint.

    1.    On February 15, 2011, the Court entered an order stating that a status hearing was continued to June 21, 2011 at 8:30 a.m. (A copy of the February 15, 2011 order is attached as Exhibit "A").

    2.    On March 15, 2011, the Court entered an order stating that that status hearing set for June 21, 2011 was stricken and reset to April 27, 2011 at 8:30 a.m. (A copy of the March 15, 2011 order is attached as Exhibit "B").

    3.    On June 21, 2011, the Court entered an order stating that the case was called for a status hearing and because of the confusion with the February 15, 2011 and March 15, 2011 orders, neither side appeared. The Court set a new status hearing for June 28, 2011 at 8:30 a.m. (A copy of the June 21, 2011 order is attached as Exhibit "C").

4. The Plaintiff's counsel failed to properly calendar the June 28, 2011 status hearing.

5. On June 28, 2011, the Defendant's counsel appeared for a status hearing but because of the calendaring problem, the Plaintiff's counsel did not and as a result, the Court dismissed the Plaintiff's complaint without prejudice for failure to prosecute. (A copy of the June 28, 2011 order is attached as Exhibit "D").

6. The Plaintiff intends to vigorously litigate the claims alleged in her Amended Complaint (and proposed Second Amended Complaint) and ensures that Counsel will appear at all future conferences.

7. Additionally, the Plaintiff seeks leave pursuant FRCP 15 to file a Second Amended Complaint which is attached as Exhibit "E" hereto.

8. According to FRCP 15, "a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served…[o]therwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a).

9. Where leave of the court is sought, Rule 15 states, "[L]eave shall be freely given when justice so requires." *Id.*

10. In *Foman v. Davis*, the Supreme Court held that [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

11. In the Plaintiff's Second Amended Complaint, the Plaintiff has included a cause of action for violation of the Stored Communications Act, 18 U.S.C. § 2701, *et seq.* (the "SCA").

12. The SCA provides that "whoever intentionally accesses without authorization a facility through which an electronic communication service is provided; or intentionally exceeds an authorization to access that facility; and thereby obtains ... access to a wire or electronic communication while it is in electronic storage in such system shall be punished ..." *See* 18 U.S.C. § 2701(a).

13. The SCA also creates a civil cause of action, allowing any person who is the victim of a violation of the SCA to seek damages from the violator. *See* 18 U.S.C. § 2707(a).

14. The Court may assess as damages "the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation, but in no case shall a person entitled to recover receive less than the sum of $1,000." 18 U.S.C. § 2707(c).

15. Other appropriate relief may include attorney's fees and litigation costs and, "[i]f the violation was willful or intentional, the court may assess punitive damages." 18 U.S.C. § 2707(b)(3); 18 U.S.C. § 2707(c).

16. The SCA claim that the Plaintiff seeks to include in the Second Amended Complaint is based on the exact same conduct under which the Plaintiff's other claims are based; the unauthorized access of the Plaintiff's Facebook and Twitter accounts by the Defendants, the Plaintiff's former employer.

WHEREFORE, the Plaintiff respectfully requests that the matter be reinstated and that the Court grant the Plaintiff leave to file her Second Amended Complaint.

Dated: New York, New York
      July 26, 2011      Respectfully submitted,

           RANDALL S. NEWMAN, P.C.

           s/ Randall S. Newman
           Randall S. Newman, Esq. (*admitted pro hac vice*)
           37 Wall Street, PH D
           New York, New York 10005
           (212) 797-3737
           rsn@randallnewman.net

           Ryan B. Jacobson, Esq.
           SMITHAMUNDSEN LLC
           150 North Michigan Avenue, Suite 3300
           Chicago, IL 60601
           (312) 894-3252
           rjacobson@salawus.com

           *Attorneys for Plaintiff,*
           *Jill E. Maremont*

To:    William L. Barr, Jr., Esq.
      William L. Barr, Ltd.
      55 W. Wacker Dr., 14th Floor
      Chicago, IL 60601
      (312) 357-3400
      wlbarr@wlbarrlaw.com