## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7811 | **DATE** | 10/28/2011 |
| **CASE TITLE** | Maremont vs. Susan Fredman Design, Group Ltd | | |

**DOCKET ENTRY TEXT**

The Court denies Plaintiff's motion to compel [42] pursuant to Federal Rule of Civil Procedure 56(d) and enters Plaintiff's cross-motion for partial summary judgment [42]. The Court also grants Defendants' motion for an extension of time [49]. Defendants' combined reply to Defendants' summary judgment motion [37] and response to Plaintiff's motion for partial summary judgment [42] is due on or before 11/8/11. No further briefing will be necessary. No appearance is required on the 11/1/11 notice date.

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

In her Second Amended Complaint, Plaintiff Jill E. Maremont alleges violations of the Lanham Act, 15 U.S.C. § 1125(a) and Stored Communications Act, 18 U.S.C. § 2701, *et seq.* against Defendants Susan Fredman Design Group, Ltd. ("SFDG") and Susan Fredman (Counts I and II). *See* 28 U.S.C. § 1331. Pursuant to the Court's supplemental jurisdiction, Maremont also alleges a claim under the Illinois Right of Publicity Act, 765 ILCS 1075, *et seq.* (Count III) and a common law right to privacy claim (Count IV). *See* 28 U.S.C. § 1367(a). On September 9, 2011, Defendants filed a summary judgment motion and the Court set a briefing schedule on September 15, 2011.

Before the Court is Plaintiff's motion to compel and for partial summary judgment. For the following reasons, the Court converts Plaintiff's motion to compel into a motion pursuant to Federal Rule of Civil Procedure 56(d) and denies Plaintiff's discovery motion. The Court enters Plaintiff's motion for partial summary judgment and grants Defendants' motion for an extension of time to file a combined reply to Defendants' summary judgment motion and response to Plaintiff's motion for partial summary judgment on or before November 8, 2011. No further briefing will be necessary.

| | Courtroom Deputy Initials: | KF |
|---|---|---|

## LEGAL STANDARD

A discovery continuance is allowed under Federal Rule of Civil Procedure 56(d), which reads in its entirety:

> (d) When Facts Are Unavailable to the Nonmovant. *If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:*
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed.R.Civ.P. 56(d) (emphasis added).

A party seeking discovery under Rule 56(d) must make a good faith showing, through the filing of an affidavit, that she cannot respond to the pending summary judgment motion without additional information. *See Waterloo Furniture Components, Ltd. v. Haworth, Inc.,* 467 F.3d 641, 648 (7th Cir. 2006). Moreover, the non-movant must identify the material facts that she anticipates discovering. *See Grundstad v. Ritt,* 166 F.3d 867, 873 (7th Cir. 1999).

## ANALYSIS

Here, Plaintiff fails to provide the Court with an affidavit or declaration in support of her discovery motion as required under Rule 56(d), despite the fact that Plaintiff cites Rule 56(d) verbatim in her "Memorandum in Opposition to Defendants' Motion for Summary Judgment and in Support of Plaintiff's Cross-Motion for Partial Summary Judgment." (R. 45, Resp. Brief, at 7-8.) Moreover, Plaintiff is seeking financial information to compute how much of the Defendants' sales may be attributable to the alleged unlawful access of the Twitter and Facebook accounts at issue. The amount of damages, however, is not at issue in Defendants' summary judgment motion. Instead, Defendants argue that they cannot be liable for Plaintiff's Lanham Act, Stored Communications Act, and Illinois state law claims. In other words, the amount of damages is not at issue at this procedural posture. Meanwhile, Defendants' argument at summary judgment that Plaintiff cannot rely on emotional, non-commercial harm alone to establish her Lanham Act claim does change this analysis because Plaintiff seeks financial information to compute the amount of damages, not that Plaintiff was injured in the first instance.

Again, the Court reminds Plaintiff's counsel that the Northern District of Illinois Local Rules apply to this proceeding, including Local Rule 7.1, which sets a page limit of fifteen pages for all briefs. Briefs exceeding the 15-page limit must contain a table of contents and table of cases, and, if the party fails to seek prior leave to file a brief in excess of the 15-page limit, the Court may strike the brief. *See Sommerfield v. City of Chicago,* No. 06 C 3132, 2010 WL 3786968, at *4 (N.D. Ill. Sept. 20, 2010). District courts are entitled to expect strict compliance with the local rules. *See Raymond v. Ameritech Corp.,* 442 F.3d 600, 604 (7th Cir. 2006).