# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JILL E. MAREMONT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 10 C 7811 |
| v. ) | |
| ) | Judge Sara L. Ellis |
| SUSAN FREDMAN DESIGN GROUP, LTD. ) | |
| and SUSAN FREDMAN, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

After a jury trial, the jury returned a verdict in favor of Defendants Susan Fredman Design Group, Ltd. ("SFDG") and Susan Fredman on Plaintiff Jill Maremont's Stored Communications Act claims. Judgment was entered for Defendants on October 10, 2014. On October 24, 2014, Defendants filed a Bill of Costs, seeking $8,473.65, with that amount mainly comprised of transcript and exemplification fees. Maremont filed objections to Defendants' Bill of Costs on November 12, 2014, arguing that the requested fees should be denied or significantly reduced. She also argues that the award of costs should be stayed pending resolution of her motion for new trial and possible appeal. Having reviewed the parties' submissions, the Court taxes costs in favor of Defendants and against Maremont in the amount of $4,401.14.

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(d) states that unless a federal statute, the Federal Rules, or the Court provide otherwise, costs should be allowed to the prevailing party in litigation. Pursuant to 28 U.S.C. § 1920, the Court may tax as costs certain fees, including fees for service of summons and subpoenas, fees for "transcripts necessarily obtained for use in the case," and fees for "exemplification and the costs of making copies of any materials where the

copies are necessarily obtained for use in the case." The prevailing party is presumptively entitled to costs. *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005). The prevailing party maintains the burden of establishing that the potentially recoverable costs it incurred were reasonable and necessary. *Trs. of Chi. Plastering Inst. Pension Trust v. Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009). If that burden is satisfied, the losing party bears the burden of showing that the costs are inappropriate. *Beamon*, 411 F.3d at 864. The Court enjoys "wide discretion in determining and awarding reasonable costs." *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 642 (7th Cir. 1991).

## ANALYSIS

**I.** **Maremont's Request for a Stay**

Initially, Maremont asks the Court to stay the award of costs until her motion for a new trial and possible appeal are resolved. As the Court is issuing an Order denying her motion for a new trial concurrent with this Order, the request for a stay on that front is moot. As for Maremont's argument that the Court's resources would be conserved by not ruling on the Bill of Costs until after a potential appeal is resolved, that "is the case in any situation in which a party moves for costs after obtaining a judgment that the opposing party appeals." *In re Text Messaging Antitrust Litig.*, No. 08 C 7082, 2014 WL 4343286, at *1 (N.D. Ill. Sept. 2, 2014). The better course of action here is to resolve the disputes over Defendants' Bill of Costs, so that, if Maremont does choose to appeal, any potential appeal from this Order may be consolidated with the appeal on the merits. *Id.*; *see also Dishman v. Cleary*, 279 F.R.D. 460, 465 (N.D. Ill. 2012) (collecting cases where award of costs entered even while substantive appeal was pending, noting that doing so may avoid piecemeal appeals). Although some courts have stayed enforcement of the award of costs until resolution of an appeal, *see In re Text Messaging*, 2014

WL 4343286, at *1, the Court declines to do so here, as Maremont has not shown a likelihood of success on appeal or any other justification to warrant delaying enforcement of the cost award. *Kristofek v. Vill. of Orland Hills*, No. 11 C 7455, 2014 WL 7145543, at *4 (N.D. Ill. Dec. 15, 2014) (refusing to stay enforcement of award of costs because plaintiff had "not shown a likelihood of success on the merits of his appeal or presented sufficient justification to warrant any delay in the enforcement of the award of costs").

## II. Maremont's Request that Costs Not Be Taxed Due to Defendants' Litigation Conduct

Maremont argues that the Court should decline to award Defendants any costs because of their alleged vexatious conduct during the litigation and their alleged failure to follow the local rules. Although the Court retains discretion in awarding costs, "[t]he presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly confined." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997). "Generally, only misconduct by the prevailing party worthy of a penalty or the losing party's inability to pay will suffice to justify denying costs." *Id.* But no such circumstances are present here; Defendants did not engage in any sanctionable misconduct that would warrant denying them costs as the prevailing party in the litigation. Therefore, the Court will proceed to consider Maremont's objections to the specific costs Defendants have requested.

## III. Witness Fees

First, Defendants seek $100 for the attendance of two of its witnesses at trial. Although Defendants have listed this amount as a fee for service of summons and subpoena, it is more appropriately characterized as a witness fee, as the submitted documentation indicates that the requested amounts were tendered as the fee for the attendance of each witness at one day of trial. *See* Doc. 244 at 5, 9. Section 1820(b) provides that witnesses are entitled to an attendance fee of

3

$40 per day for each day's attendance at trial. 28 U.S.C. § 1821(b). Defendants submitted checks indicating that each witness was paid a $50 witness fee, which may also account for mileage costs in traveling to and from the courthouse. Although a witness may also be compensated for mileage costs if traveling by privately owned vehicle, *see* 28 U.S.C. § 1821(c)(2), because Defendants have not submitted any documentation to allow the Court to determine the mode of transportation or the distance traveled by Ms. Shelven or Ms. Belmonti to testify at trial, the Court will only award the $40 attendance fee per witness. *Cf. CSC by Bryant v. United States*, No. 10-0910-DRH, 2010 WL 321354, at *2 (S.D. Ill. Jan. 29, 2014) (using mileage amounts contained in government's objection to determine mileage fees to which plaintiffs were entitled). Thus, Defendants are awarded $80 in witness fees.

## IV. Transcript Fees

Second, Defendants seek $6,587.81 in transcript costs. Section 1920(2) allows Defendants to recover fees for transcripts that were necessarily obtained for use in the case, but the recoverable cost is limited to the regular copy rate established by the Judicial Conference of the United States that was in effect at the time the transcript or deposition was filed unless another rate was previously provided for by order of the Court. N.D. Ill. L.R. 54.1(b). The regular copy rate is $3.65 per page for an original transcript and $4.85 for an expedited transcript. *See* Maximum Transcript Rates, http://www.ilnd.uscourts.gov/home/clerksoffice/ CLERKS_OFFICE/CrtReporter/trnscrpt.htm.

Maremont objects that Defendants' requests for transcript fees are above the allowed rates and that Defendants should not be allowed to recover the costs for videotaping the depositions. Maremont also contends that Defendants should not recover any costs associated with Dr. Henry Conroe's deposition as Dr. Conroe was Defendants' own expert whose

deposition was only taken because, according to Maremont, Defendants did not properly confirm his availability to testify at trial.

Addressing Maremont's objection to the costs associated with Dr. Conroe's deposition first, the Seventh Circuit has stated that "necessary" in this context means "no more than that the transcript or copies be reasonably and prudently obtained–which depends on how things seemed when the expenditures were made, without the benefit of hindsight." *Nat'l Org. for Women, Inc. v. Scheidler*, 750 F.3d 696, 699 (7th Cir. 2014). Maremont faults Defendants for not having obtained an expert available to testify at trial when the circumstances regarding Dr. Conroe's unavailability were beyond Defendants' control. The Court's schedule caused the trial to be moved back several days, a change made known to the parties only several weeks before trial. This change—and Dr. Conroe's travel schedule—required the parties to take Dr. Conroe's video deposition so as to have it available for use if the case reached the damages phase. Although the trial ended when the jury found Defendants were not liable, rendering all damages evidence unnecessary, the Court cannot say that taking Dr. Conroe's deposition was unnecessary. Thus, Defendants are entitled to recover the costs associated with Dr. Conroe's deposition.

Proceeding to the actual costs that will be allowed for the depositions, the Court agrees with Maremont that Defendants may only recover amounts for transcripts as allowed by Local Rule 54.1(b) and not the higher amounts Defendants are requesting. Defendants have demonstrated that it was necessary to obtain Dr. Conroe's deposition transcript at the expedited rate, as it was taken only several days before trial and thus was needed in preparation for trial. *See In re Text Messaging*, 2014 WL 4343286, at *7 (finding that costs for expedited transcripts were necessary because, as explained in the declaration attached to the bill of costs, they were necessary to prepare for a deposition of an expert and the defendant's summary judgment

motion, which was due soon after the depositions were taken). But Defendants do not explain why a higher rate than that set forth by the Judicial Conference of the United States is reasonable and thus the Court will adjust the requested amounts downward to correspond with those rates for all three depositions. Thus, Defendants are only entitled to the following amounts: (1) $890.60 for the Maremont deposition (244 pages x $3.65); (2) $704.45 for the Schwartz deposition (193 pages x $3.65); and (3) $557.75 for the Conroe deposition (115 pages x $4.85).

Additionally, recoverable court reporter appearance fees may not exceed the published rates of $110 per half day (four hours or less) or $220 for a full day. *See* Maximum Transcript Rates, http://www.ilnd.uscourts.gov/home/clerksoffice/CLERKS_OFFICE/CrtReporter/trnscrpt.htm. Defendants have requested a fee of $330 for the court reporter's attendance at Maremont's deposition, which lasted for six hours. They also request a $517.50 fee for the reporter's attendance at Dr. Schwartz's deposition, which lasted for 4.5 hours and took place on a Sunday. Both fees are reduced to $220 each, the allowable cost for a full day's attendance. *See Matz v. Household Int'l Tax Reduction Inv. Plan*, No. 96 C 1095, 2014 WL 2699944, at *2 (N.D. Ill. June 12, 2014). The Court also reduces the requested fee for the court reporter's attendance at Dr. Conroe's deposition from $143.75 to $110, the allowed rate for a half day.

Finally, the costs of obtaining Maremont's and Dr. Schwartz's transcripts as electronic or ptx files and associated courier delivery charges are not recoverable. *See Brown v. County of Cook*, No. 06 C 617, 2011 WL 4007333, at *3 (N.D. Ill. Sept. 8, 2011) (noting that delivery costs "are generally considered ordinary business expenses" and that electronic transcripts or other formats "are merely for the attorney's convenience and are not necessary to litigating the case"); *Harkins v. Riverboat Servs., Inc.*, 286 F. Supp. 2d 976, 980–81 (N.D. Ill. 2003) (denying

recovery for transcripts in different formats requested for party's convenience and for costs associated with the delivery of transcripts, which are "ordinary business expenses").

As for the costs associated with the video recording of the depositions, although recovery may be allowed for both a paper transcript and video recording, Defendants must demonstrate that it was reasonably necessary to obtain both. *See Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008). Defendants do not argue that there was any reason to believe that Maremont or Dr. Schwartz would not be available for trial. Indeed, Maremont was present throughout the trial and Dr. Schwartz's testimony was not required nor was there any suggestion that he could not be present. And where Maremont's deposition was introduced, it was read into the record instead of played to the jury through the video recording. Thus, the Court cannot find that the costs associated with Maremont's and Dr. Schwartz's video depositions are recoverable. *See In re Text Messaging*, 2014 WL 4343286, at *6 (disallowing costs for video recording of depositions where only argument set forth for their necessity was that plaintiffs' counsel, who took the depositions, had them video recorded); *Life Plans, Inc. v. Sec. Life of Denver*, --- F. Supp. 2d ----, 2014 WL 2879881, at *2 (N.D. Ill. June 25, 2014) (defendant's "assertion that there is 'no certainty' that the two domestic witnesses at issue would be available for trial is not enough to justify an award of cost to cover videotaping their depositions"). But the Court finds that the costs associated with the video recording of Dr. Conroe's deposition are recoverable, as the parties took his deposition with the intention of presenting the video at trial if his testimony became necessary. Thus, the Court will allow Defendants to recover the $377.50 associated with the video recording of Dr. Conroe's deposition.

In sum, Defendants are awarded $3,080.30 for fees associated with transcripts necessarily obtained for use in the case.

**V.      Copying Costs**

Finally, Defendants request $1,785.84 in copying and scanning costs. Defendants support their request with an affidavit of counsel setting forth the costs that were incurred on five separate occasions: February 4, 2011; March 8, 2012; September 3, 2014; October 3, 2014; and October 7, 2014. They also include a receipt for the October 7, 2014 copying and binding costs. Maremont argues that the copying costs are not sufficiently substantiated. The Seventh Circuit has recently stated that it would be "preposterous" to require the documentation that Maremont requests, for "[h]aving a lawyer devote the time necessary to demonstrate the necessity of each transcript and every copy of a document would be far more costly than the copying itself." *Scheidler*, 750 F.3d at 698; *see also In re Text Messaging*, 2014 WL 4343286, at *2 (following *Scheidler* in concluding that "[i]t would undoubtedly be onerous for any prevailing party in a litigation as long-running and far-reaching as this one to identify precisely each document it had copied along the way, as well as how many there were and how many each copy cost"). The Court will thus allow Defendants to recover the copying costs based on counsel's declaration and the attached receipt.

But Maremont also argues that the copying costs should be reduced by the amount that Defendants agreed to reimburse her for printing Defendants' trial exhibits. Maremont has submitted documentation showing this agreement and that the cost of printing Defendants' trial exhibits was $545. Although Defendants reply that the copies made by Maremont were of poor copy quality and had missing pages, requiring them to recopy their exhibits, Defendants do not argue that they did not agree to pay for their portion of the copies or that they have reimbursed Maremont for those copies. Thus, the Court will deduct $545 from Defendants' requested copying costs. In total, then, Defendants may recover $1,240.84 in copying costs.

## CONCLUSION

For the foregoing reasons, the Court taxes $4,401.14 in favor of Defendants and against Maremont.

Dated: February 13, 2015

SARA L. ELLIS
United States District Judge